UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Holden Nicholas Gallagher,            Case No. 3:20-cv-1057

    Plaintiff

v.                                      MEMORANDUM OPINION
                                         AND ORDER

Sheriff John Tharp, *et al.*,

    Defendants

## Background

*Pro se* plaintiff Holden Gallagher, a prisoner awaiting trial in federal criminal case, filed this *in forma pauperis* civil rights action on May 14, 2020. His initial complaint names Sheriff John Tharp as the defendant. (Doc. No. 1.) On June 15, 2020, he filed a motion to add as defendants Lieutenant Todd Reed and "Counselor Adea Washington." (Doc. No. 8.) That motion is granted.

In his complaint, the plaintiff alleges he has been denied adequate access to the courts. (Doc. No. 1 at 9.) He contends that before the emergence of the COVID-19 pandemic, he was afforded insufficient time in the law library and that the library does not have sufficient useful books and materials. (*Id.* at 6.) He complains that now, during the pandemic, inmates only have access to "the law library on tablets." (*Id.* at 7.) He contends this is insufficient and that he "has been harmed in his criminal case [by] not being able to be dismissed due to no research." (*Id.* at 8.) He contends Sheriff Tharp was aware of his complaints regarding legal materials.

Additionally, the plaintiff complains about his treatment by Ms. Washington. He asserts she is "racist and hostile against whites and anyone who writes her up" and that she has treated him

1

hostilely with respect to his various requests, including for a bottom bunk and greater access to the law library. (*Id.* at 4.) He complains that Lieutenant Reed has failed to address "our issues." (*Id.* at 6.) The only specific issue he specifically alleges is inconsistency with the availability of hot water. (*Id.* at 8-9.)

Contending that "staff" has been deliberately indifferent to the need for access to the courts and adequate sanitation, he seeks an order requiring the jail to provide adequate access to the courts, $1,000,000.00 in damages, and declaratory relief.

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required to screen all *in forma pauperis* complaints filed in federal court, as well as all complaints in which a prisoner seeks redress from governmental employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 1915A. To avoid dismissal for failure to state a claim, a prisoner complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Reilly v. Vadlamudi*, 680 F.3d 617, 622-23 (6th Cir. 2012). A claim has facial plausibility when a plaintiff pleads factual content, rather than labels and conclusions, that allows a court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

## Analysis

Upon review, I find that I must dismiss the plaintiff's complaint. Even liberally construed, it fails to allege a plausible constitutional claim against the defendants upon which he may be granted relief.

First, the plaintiff's complaint fails to allege a plausible claim of inadequate access to the courts. Although prisoners have a right under the First Amendment of access to the courts, *see Bounds v. Smith*,

430 U.S. 817, 821–24 (1977), this right is not unlimited. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). The constitutional right does not extend to every legal action or claim a prisoner wishes to pursue. *Lewis*, 518 U.S. at 355. Rather, "a prison's right of access to the courts is limited to direct criminal appeals, *habeas corpus* applications, and civil rights claims challenging the conditions of confinement." *Courtemanche v. Gregels*, 79 Fed. App'x 115, 117 (6th Cir. 2003), citing *Lewis*, 518 U.S. at 355. "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Additionally, to state a claim, a prisoner must show that he suffered "an actual injury to existing or contemplated litigation which raises nonfrivolous claims." *Courtemanche*, 79 Fed. App'x at 117. He must allege "specific facts showing that he suffered prejudice" to a non-frivolous direct appeal, *habeas corpus* application, or civil rights action challenging the conditions of his confinement. *McCurtis v. Wood*, 76 Fed. App'x 632, 634 (6th Cir. 2003). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin–Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 Fed. App'x 171, 173 (6th Cir. 2004)).

The plaintiff's complaint does not allege facts plausibly demonstrating that any of the defendants prevented him from filing or pursuing a non-frivolous claim on direct appeal, or in a *habeas corpus* application or civil rights action. Additionally, his purely conclusory assertion that he has been "harmed" in his pending criminal case is insufficient to state a claim or show actual injury. *See McCurtis*, 76 Fed. App'x at 634.

Further, to the extent the plaintiff seeks to assert constitutional claims against the defendants on the basis of the conditions of his confinement, his complaint must be dismissed. Prisoners have a constitutional right to be protected from prison conditions that are "barbarous" or contravene "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The constitution requires that prison officials ensure that inmates receive essential food, medical care, and sanitation.

*Id.* at 348. This, however, does not mandate that a prison be free from discomfort or inconvenience during the prisoner's incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1998).

The plaintiff's complaint alleges conditions that are uncomfortable and annoying. But it does not allege facts from which a reasonable inference could be drawn that he is subject to conditions violative of the constitution.

## Conclusion

Accordingly, for the foregoing reasons, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. In light of this dismissal, the plaintiff's remaining pending motions for appointment of counsel and for an order to type and print pleadings (Doc. Nos. 5 and 13) are denied as moot. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

  s/ Jeffrey J. Helmick
United States District Judge